**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| MARC CHRISTOPHER BROWN, JR.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br>DEPARTMENT OF PUBLIC SAFETY &<br>CORRECTIONAL SERVICES and<br>MARYLAND ATTORNEY GENERAL,<br><br>Respondents. | Civil Action No. 24-0250-TDC |

## MEMORANDUM OPINION

Self-represented Petitioner Marc Christopher Brown, Jr., who is currently confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a Limited Answer, accompanied by relevant state court records, in which they assert that the Petition should be dismissed because Brown's claims are not based on cognizable grounds for federal habeas relief and, to the extent that they are cognizable, he has failed to exhaust state remedies or his claims are subject to procedural default. Having reviewed the submitted materials, the Court finds that no hearing is necessary, and Brown's Motion for an Evidentiary Hearing will be denied. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts ("2254 Rules"); D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED.

## BACKGROUND

On June 3, 2021, Brown was convicted in the Circuit Court for Charles County, Maryland ("the Circuit Court") of kidnapping, home invasion, robbery, burglary, false imprisonment,

unlawful taking of a motor vehicle, credit card theft, identity fraud, and related crimes. On September 29, 2021, he was sentenced to a total term of imprisonment of 75 years. The facts underlying these crimes relate to an incident that occurred on December 11, 2019 at the home of Uchenna Okezie in Waldorf, Maryland. The facts were summarized by the Appellate Court of Maryland as follows:

> On December 11, 2019, Brown burglarized the home of Uchenna Okezie in Waldorf. When Ms. Okezie arrived home from work that evening and entered her home, the burglary was in progress, and Brown bound her hands and feet and forced her into her car. With Ms. Okezie in the passenger seat of her own car, Brown traveled to several automated teller machines ("ATMs") and withdrew cash from her bank account. He then left Ms. Okezie on the side of a road in Accokeek, in Prince George's County, bound and gagged.
>
> Brown returned to Waldorf in Ms. Okezie's car, where he attempted to steal cash from an ATM inside the AMF bowling alley by backing up through the glass entrance doors. He subsequently drove Ms. Okezie's car to a wooded area near Crain Highway in Prince George's County, where he abandoned it; it was discovered several weeks later, on December 28, 2019. The car had significant damage to the rear, and its rear windshield and one of the other back windows were broken out. Pieces of broken glass were found "on the area behind the rear seats."
>
> The day after the attack, on December 12, 2019, Brown was observed at a welding supply store, where he was arrested on open warrants. A search incident to arrest yielded $100 cash in $20 denominations on his person (consistent with cash disbursed in ATMs), a bookbag containing pieces of broken glass, an all-day VanGO bus pass, a laptop computer, and two USB flash drives. That evidence ultimately connected Brown to the crimes at issue in this case.

*Brown v. State*, No. 1384, 2023 WL 3860298, at *1 (Md. App. Ct. June 7, 2023); State Record ("S.R.") 127–28, ECF No. 10-1. Brown was indicted on 15 counts: (1) home invasion; (2) first-degree burglary; (3) first-degree assault; (4) kidnapping; (5) robbery; (6) false imprisonment; (7) second-degree assault; (8) unlawful taking of an automobile; (9) theft of property with a value of at least $1,500 but less than $25,000; (10) credit card theft; (11) identity fraud to obtain U.S. currency with a value of at least $100 but less than $1,500; (12) malicious destruction of property, belonging to Ms. Okezie, with a value less than $1,000; (13) second-degree burglary; (14)

malicious destruction of property, belonging to AMF, with a value less than $1,000; and (15) wearing and carrying a concealed dangerous weapon on the person. After a one-week jury trial, at which Brown represented himself, the jury returned a verdict of guilty on the 13 counts submitted for deliberation. The two counts not submitted to the jury were first-degree assault and wearing and carrying a concealed dangerous weapon, which were terminated by *nolle prosequi.*

Brown filed a timely direct appeal to the Maryland Appellate Court in which he claimed that he was denied: (1) "due process on the ground of 'facts set forth and information provided' in his 'Motion to Dismiss' and 'Petition for Uniform Postconviction Relief'"; (2) "due process because the prosecutor 'willfully lied about' his theory of defense during closing argument"; (3) "due process because the prosecution 'used fabricated evidence to support its case and the [trial] judge [did not] intervene'"; (4) "a fair trial because 'arresting detectives failed to collect surveillance video in bad faith and lied on the record'"; (5) "a fair trial because [a police witness] 'changed his statement' as to whether he had stepped on an envelope that was in evidence"; and (6) "the effective assistance of counsel." S.R. 126. On June 7, 2023, the Maryland Appellate Court denied relief in a written opinion, and the mandate issued on July 11, 2023. Brown did not file a petition for a writ of certiorari with the Supreme Court of Maryland, and the time for doing so expired on July 26, 2023. *See* Md. Rule 8–302(a).

On June 10, 2021, prior to being sentenced, Brown filed a state Petition for Post-Conviction Relief ("the State Post-Conviction Petition"), which he supplemented on July 4, 2022. Several of the claims asserted by Brown in the State Post-Conviction Petition were also raised in his direct appeal. On June 12, 2023, Brown filed a Motion to Withdraw the State Post-Conviction Petition, which was granted on July 10, 2023.

Also on June 12, 2023, Brown filed a Petition for a Writ of Habeas Corpus and a Petition for a Writ of Actual Innocence in the Circuit Court. On August 16, 2023, Brown filed a second version of the Petition for a Writ of Actual Innocence. Brown asserted in his Petition for a Writ of Actual Innocence ("the State Innocence Petition") that missing security video from a McDonald's restaurant where he was seen would have established that the glass which the police claimed to have found inside his bookbag was not actually there, because it would show that, at the time that he removed his laptop computer and charger from the bookbag while in the restaurant, there was no glass in the bookbag. He claimed that such evidence would prove that the police planted the glass in the bag and committed perjury when they testified that they found the glass there. In addition, he claimed that in 2022 he remembered that, on December 11 and 12, 2019, he placed "private property" signs at an unspecified location, which he had printed using a Microsoft program that includes a time and date stamp on the documents. S.R. 151. In Brown's view, this newly discovered evidence conclusively and irrefutably establishes that he had an alibi for the charged crimes. Although Brown also filed a motion seeking a hearing on the State Innocence Petition, on June 18, 2025, the Circuit Court denied the State Innocence Petition without holding a hearing, on the grounds that it failed to satisfy the requirements for such a petition under Md. Code Ann., Crim. Proc. § 8–301(a) and (b)(3), which include the requirement that the petition identify newly discovered evidence that could not have been discovered in time to move for a new trial. *Id.* § 8–301(a)(2). On or about August 6, 2025, Brown filed an Application for Leave to Appeal the denial of both the motion and the State Innocence Petition. Application for Leave to Appeal, *State v. Brown*, Case No. C-08-20-000020 (Charles Cnty. Cir. Ct. Aug. 6, 2025), https:casesearch.courts.state.md.us/casesearch (last viewed Sept. 29, 2026). On September 17, 2025, his appeal was dismissed as untimely pursuant to Md. Rule 8–602(b)(2). Order Dismissing

Appeal at *2, *Brown v. State*, No: ACM-REG-1205-2025 (Md. App. Ct. Sept. 17, 2025), https:casesearch.courts.state.md.us/casesearch (last viewed Sept. 29, 2026).

On or about September 11, 2023, Brown filed a Petition for a Writ of Habeas Corpus ("the State Habeas Petition") addressed to the Circuit Court in which he reiterated his alibi argument relating to the time stamps on printed documents and asserted that he "has claimed an alibi, which would mean some of the probable cause evidence . . . was fabricated." S.R. 156. On or about October 5, 2023, Brown filed with the Maryland Supreme Court an Application for Leave to Appeal, apparently relating to that petition, in which he complained that he had not been provided a hearing at which he could prove his alibi claim, establish his actual innocence, and prove that he was illegally detained on falsified evidence. Through an order dated October 19, 2023, the Maryland Supreme Court denied both the State Habeas Petition and the Application for Leave to Appeal. On February 8, 2024, Brown filed a Motion for Reconsideration of the denial of the State Habeas Petition with the Maryland Supreme Court, which was denied on March 25, 2024.

Meanwhile, on January 24, 2024, Brown filed the present Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. After Brown filed an Amended Petition on March 22, 2024, Respondents filed a Limited Answer on May 8, 2024. On August 13, 2025, Brown filed a Motion to Supplement and Amend the Initial Petition, which the Court denied because it sought to add claims relating to different state criminal cases. On November 17, 2025, Brown filed in this case a civil complaint under 42 U.S.C. § 1983, which will be stricken because such a complaint may not be filed in a federal habeas case and must be filed in a separate case.

## DISCUSSION

In the Amended Petition, Brown asserts four claims: (1) that he was denied procedural and substantive due process, in violation of the Fourteenth Amendment to the United States

Constitution, because the State fabricated evidence; (2) that he was subjected to an illegal search and seizure, in violation of the Fourth Amendment, because fabricated evidence was relied upon to support probable cause and to obtain warrants; (3) that his Sixth Amendment right to a fair trial and to present a defense was violated when the State used fabricated evidence and perjured testimony to obtain convictions; and (4) that the requirements of Maryland Rule 4–332(j)(1) were not followed in that he has not received a hearing on the State Innocence Petition, in violation of his Fourteenth Amendment right to equal protection of the law. Respondents assert that the second and fourth claims are not cognizable grounds for federal habeas relief, and that, even to the extent that they are cognizable, the Petition should be dismissed as to all claims, because Brown has failed to exhaust state remedies or his claims are subject to procedural default.

## I. Legal Standard

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *see Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state court adjudication is contrary to clearly established federal law under § 2254(d) when the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or (2) "confronts facts that are materially indistinguishable

from a relevant Supreme Court precedent and arrives at a result opposite to" that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (citation omitted). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411). The state court's application of federal law must be "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409). Furthermore, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)).

## II. Cognizability

Respondents first argue that two of Brown's claims do not present cognizable grounds for federal habeas relief. For a claim presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Young v. Warden, Md. Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or denial of some federal constitutional right, and not alleged errors in the interpretation or application of state law, can be the basis for federal habeas

corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted).

**A. Fourth Amendment Claim**

Brown asserts in his second claim that fabricated evidence was used to establish probable cause and to obtain warrants against him and thus resulted in an illegal search and seizure and the use of evidence that should have been excluded as fruit of the poisonous tree. Brown does not specify what search and seizure are at issue, but in an attachment to the Petition he references his broader claims of the allegedly planted glass evidence and the computer-based alibi evidence.

Regardless of the specific basis for Brown's present claim, federal habeas relief is not available for an alleged Fourth Amendment violation where the state court has provided an opportunity for full and fair litigation of the Fourth Amendment claim. *See Stone v. Powell*, 428 U.S. 465, 481–82 (1976); *Boggs v. Bair*, 892 F.2d 1193, 1199 (4th Cir. 1989); *Doleman v. Muncy*, 579 F.2d 1258, 1262–63 (4th Cir. 1978). Such an opportunity can be found to have been provided even if the petitioner did not actually litigate the claim in the state court. *See Doleman*, 579 F.2d at 1263. Maryland law provides an avenue to litigate Fourth Amendment search-and-seizure claims before the trial court. Indeed, Brown took advantage of that procedure through a pre-trial Motion to Suppress other evidence allegedly obtained in violation of the Fourth Amendment. Specifically, earlier in the case and before Brown chose to represent himself, Brown's trial counsel advanced a Fourth Amendment argument in a Motion to Suppress filed on September 10, 2020 contesting a search of a tent in which Brown had been staying and a search of a black garbage bag in which a blow torch kit was found. The Court therefore finds that there was a full and fair

opportunity to litigate this Fourth Amendment claim in state court, so the present Fourth Amendment claim will be dismissed as not cognizable on a federal habeas petition.

**B. Maryland Rule 4–332(j)(1)**

Respondents also assert that Brown's fourth claim is not cognizable. This claim focuses on an alleged violation of Maryland Rule 4–332(j)(1), which states that a hearing on a petition for a writ of actual innocence is required "if the petition substantially complies with the requirements of section (d) of this Rule and a hearing was requested." *Id.* Section (d) provides that certain specified information must be included in the petition. Md. Rule 4–332(d). Even assuming that Brown's State Innocence Petition met the requirements of Maryland Rule 4–332(d) such that a hearing should have been provided, Brown's present claim of a violation of this state law rule does not state a cognizable claim for federal habeas relief and will therefore be dismissed. *See Torrence v. Lewis*, 60 F.4th 209, 214 (4th Cir. 2023) (stating that a federal habeas petitioner "cannot receive federal habeas relief solely for an error of state law, even if one exists").

To the extent that Brown's reference to "equal protection" could require the Court to construe this claim as one arising under federal law, specifically the Fourteenth Amendment, Am. Pet. at 5, ECF No. 7, the claim separately fails because Brown has not articulated a viable equal protection claim. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, Brown "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Brown has made no such allegation that he has been treated differently from similar

individuals and that such treatment is the result of discriminatory animus. Accordingly, to the extent that Brown's fourth claim could be construed as an equal protection claim, it will be denied.

## III. Exhaustion of State Remedies and Procedural Default

As to the remaining claims, Respondents assert that they must be dismissed because Brown has not exhausted state remedies as to those claims, or because they are subject to the doctrine of procedural default. A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Maryland Appellate Court and then to the Maryland Supreme Court by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12–201, 12–301 (LexisNexis 2020).

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to note a timely appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489–91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in

order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1).

In Brown's first claim, he argues that he was denied procedural and substantive due process because he was charged with crimes based on fabricated evidence. Similarly, in his third claim, Brown argues that his Sixth Amendment right to a fair trial was violated because the State used fabricated evidence and perjured testimony to obtain a conviction against him. Where these claims reference Brown's State Innocence Petition and State Habeas Petition, they are liberally construed to be based on the arguments that (1) the State used fabricated evidence, including because additional surveillance video that was never collected from the McDonald's and another business would show that the glass in his backpack was planted; and (2) his recent recollection that he printed out time-stamped documents establishes that he is innocent because he was using a computer at those times, not committing the charged crimes.

As to the claims relating to Brown's recent recollection that he printed out documents with time stamps that could provide an alibi, he did not advance those claims on direct appeal and thus failed to exhaust them through that means. To the extent they were raised through the State Habeas Petition, that is not a proper means by which to exhaust claims for purposes of a federal habeas petition. *See Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 n.1 (4th Cir. 1971) (holding that "[s]ince the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable, and since the Maryland Post Conviction Procedure Act does provide for appeal, an action for state habeas is not sufficient to exhaust available state court remedies in Maryland").

Brown asserted these claims in the State Innocence Petition, and the Circuit Court denied that petition on June 18, 2025 without holding a hearing. When a state petition for a writ of actual innocence is denied, with or without a hearing, that decision is immediately appealable under

Maryland law. *See Douglas v. State*, 31 A.3d 250, 255 (Md. 2011) (holding that "the denial of a petition for writ of actual innocence is an immediately appealable order, regardless of whether the trial court held a hearing before denying the petition"). Brown filed an Application for Leave to Appeal the denial on August 6, 2025, but that application was dismissed under Maryland Rule 8–602(b)(2) as untimely. *See* Order Dismissing Appeal at *2, *Brown v. State*, No: ACM-REG-1205-2025 (Md. App. Ct. Sept. 15, 2025); Md. Rule 8–202 (providing that such an appeal must be filed within 30 days of the order from which the appeal is taken). To the extent that the issues raised by Brown in the State Innocence Petition can be viewed as federal constitutional claims, they are procedurally defaulted because the "state court has declined to consider their merits on the basis of an adequate and independent state procedural rule." *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000).

Brown's claims relating to the allegedly fabricated evidence could fairly be deemed to have been asserted in his direct appeal to the Maryland Appellate Court, as he argued in that appeal that he was denied a fair trial because "arresting detectives failed to collect surveillance video in bad faith and lied on the record." S.R. 137. Brown further argued that the detectives investigating the crime deliberately failed to collect surveillance video from stores near the place where he was arrested and lied about not doing so. The Maryland Appellate Court rejected this claim on its merits on the grounds that "[t]here is generally no 'undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.'" *Id.* (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). The court further noted that where physical evidence was not retained, "due process is implicated only if the police acted in bad faith," and Brown had failed to establish that the police had acted in bad faith in not collecting additional surveillance video. *Id.* Relatedly, Brown also asserted in the Maryland

Appellate Court that he was denied due process because the prosecutor "willfully lied" during closing argument by misrepresenting the facts relating to the broken glass recovered from his bookbag, but the court declined to address this claim on procedural grounds because Brown had failed to object to the prosecutor's argument at trial. S.R. 132.

Brown also asserted on direct appeal a claim that his due process rights were violated based on the use of "fabricated evidence" based on the allegation that photographs and video evidence showed that the zipper on his backpack was in a different condition after his arrest, but the court rejected that claim based on the failure to show the falsity of such evidence. S.R. 136.

Brown, however, did not pursue these claims relating to fabricated evidence and the failure to collect surveillance video beyond direct appeal by asserting them in a petition for a writ of certiorari to the Maryland Supreme Court, as he filed no such petition. Brown thus failed to exhaust state remedies as to these claims, and where the deadline to file such a petition has passed, they are now subject to procedural default. *See O'Sullivan*, 526 U.S. at 847–48 (finding that state prisoners must file available petitions for discretionary review to a state supreme court in order to exhaust state remedies, and that when a petitioner failed to do so and the deadline for filing such a petition had passed, the claim was procedurally defaulted).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495–96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477

U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," resulting in a denial of "fundamental fairness." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Murray*, 477 U.S. at 494. Here, Brown has not demonstrated cause for the failure to pursue these claims before the Maryland Supreme Court, and where he has not provided new surveillance videos that would show actual fabrication of evidence that would lead to a different result, he has not shown prejudice.

Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. In addition, the petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (stating that "tenable actual-innocence gateway pleas are rare").

Here, the only allegedly new evidence consists of the time-stamped printouts referenced in the State Innocence Petition. Brown has not actually provided those documents, and even if they existed, the documents would not demonstrate who actually printed them and whether the time and date entries were actually accurate. Given these limitations, and where the remainder of the

evidence, consisting of approximately 40 witnesses and dozens of exhibits, was comprehensive, the Court finds that Brown's assertions about the allegedly new evidence do not meet the standard for excusing procedural default based on actual innocence.

Accordingly, the Petition for a Writ of Habeas Corpus will be dismissed.

## IV. Certificate of Appealability

Rule 11(a) of the 2254 Rules provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Brown must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Brown's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that Brown has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Brown may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DISMISSED. The Court declines to issue a certificate of appealability. A separate Order shall be issued.

Date: September 30, 2026

THEODORE D. CHUANG
United States District Judge